**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fantel,<br><br>    Plaintiff,<br><br>v.<br><br>Bianca H., et al.,<br><br>    Defendants. | No. CV-23-00349-PHX-DGC<br><br>**ORDER** |

On February 23, 2023, Plaintiff John Fantel filed a pro se complaint and a motion to proceed in forma pauperis ("IFP").  Docs. 1, 2.  The Court has reviewed Plaintiff's IFP application.  Doc. 2.  For reasons stated below, the Court will deny the application.

The Court may grant IFP status to an indigent party who submits an affidavit showing that he is unable to pay or give security for fees.  28 U.S.C. § 1915(a)(1).  The affidavit must set forth the facts showing the person's poverty "with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)); *see* LRCiv 3.3 (setting forth the specific requirements for affidavits in support of IFP status).  Because IFP status is a privilege, not a right, the Court should grant the status only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963) (explaining that the denial of IFP status is not a violation of due process because such status is "granted as a privilege and

not as a matter of right"). The Court should grant IFP status only if the supporting affidavit shows that the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and his dependents with the necessities of life." *Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (same).

The Court notes several inconsistencies in Plaintiff's IFP application. In Section 1, Plaintiff indicates that he has no income for the current month and that he expects no income for the next month. In Sections 4 and 5, Plaintiff states that he has $5 on hand and no assets. But in Section 6, Plaintiff indicates that he is owed $1 billion and, in Section 9, Plaintiff specifies that he expects major changes in his monthly income or expenses in the next 12 months.

Plaintiff does not attempt to reconcile his purported lack of income, cash on hand, and assets with his future income. Rather, in Section 11, Plaintiff states that he is "entitled to civil rights" to explain why he cannot pay the costs of the proceedings. The Court will deny Plaintiff's application to proceed IFP without prejudice.[1]

Plaintiff may submit an amended application to proceed IFP explaining the inconsistencies outlined above. *McQuade*, 647 F.2d at 940 ("It is within the court's discretion to make a factual inquiry . . . and to deny the motion when the [litigants] were unable, or unwilling to verify their poverty."). Any amended application submitted by Plaintiff must follow the Local Rules of the United States District Court for the District of Arizona.[2] Plaintiff is also advised to follow the guidance concerning IFP applications given to him by other judges. *See* Doc. 6, *Fantel v. Brutinel*, No. CV-23-00227-PHX-SPL

---

[1] Because the Court will not grant Plaintiff's request to proceed IFP at this time, the Court will not screen Plaintiff's complaint, Doc. 1, pursuant to 28 U.S.C. § 1915(e)(2).

[2] The rules and a Handbook for Self-Represented Litigants, which may help Plaintiff understand the litigation process, are available on this District Court's website. *See* U.S. District Court, District of Arizona, *Information for those Proceeding Without an Attorney (Pro Se)*, https://www.azd.uscourts.gov/proceeding-without-attorney (last visited Mar. 21, 2023).

(D. Ariz. Feb. 8, 2023); Doc. 6, *Fantel v. Arizona*, No. CV-22-01904-PHX-DJH (D. Ariz. Nov. 14, 2022).

**IT IS ORDERED** that Plaintiff's IFP application (Doc. 2) is **denied without prejudice**. Plaintiff shall, no later than **April 13, 2023,** either pay the filing fee of $400.00 or submit an amended application to proceed IFP as directed above. The Clerk of Court is directed to enter dismissal of this action without further notice if Plaintiff fails to pay the filing fee or file an amended application to proceed IFP by **April 13, 2023**.

Dated this 23rd day of March, 2023.

David G. Campbell
Senior United States District Judge